1    Michael A. Hood (SBN 71258)
     Remick M. Stahl (SBN 317065)
2    JACKSON LEWIS P.C.
     200 Spectrum Center Drive, Suite 500
3    Irvine, CA 92618
     Phone: (949) 885-1360
4    Fax:    (949) 885-1380
     Michael.Hood@jacksonlewis.com
5    Remick.Stahl@jacksonlewis.com

6    Attorneys for Defendant
     UNITED PIPE AND STEEL CORP.

7

8                        UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10

11   RICARDO OSORIO,                        CASE NO.  5:21-cv-00095

12                    Plaintiff,            **DEFENDANT UNITED PIPE AND
                                            STEEL CORP.'S NOTICE OF
13          v.                              REMOVAL OF ACTION TO
                                            FEDERAL COURT PURSUANT TO 28
14                                          U.S.C. §§ 1332, 1441(b)**
     UNITED PIPE AND STEEL CORP., and
15   DOES 1 TO 25, inclusive,               *[Filed concurrently with Civil Cover Sheet;
                                            Declarations of Margaret Barrett and
16                    Defendants.           Michael Hood; Notice of Related Cases;
                                            Notice of Interested Parties and Corporate
17                                          Disclosure Statement]*

18

19

20                                          Complaint Filed:   July 8, 2020
21                                          Trial Date:        None Set
22

23

24          **TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT

25   COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

26          PLEASE TAKE NOTICE THAT Defendant UNITED PIPE AND STEEL CORP.

27   (now referred to as Merfish United, Inc.) ("Defendant") hereby invokes this Court's

28   jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441(b) to remove this

                                            1

action from the Superior Court of California for the County of San Bernardino on the grounds of diversity jurisdiction.  In support thereof, Defendant asserts the following:

## DIVERSITY JURISDICTION

1.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Sections 1332 and 1441.  This case may be removed pursuant to 28 U.S.C. Sections 1332, 1441, and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## TIMELINESS OF REMOVAL

2.     On July 8, 2020, Plaintiff RICARDO OSORIO ("Plaintiff") filed a Complaint against Defendant in San Bernardino County Superior Court, which the state court designated as Case No. CIVDS2016239.  A true and correct copy of the Summons and Complaint is attached as **Exhibit A** to the Declaration of Michael Hood ("Hood Decl.") filed concurrently herewith.

3.     In the Complaint, Plaintiff asserts the following causes of action: (1) Failure to Compensate for All Hours Worked; (2) Failure to Pay Minimum Wages; (3) Failure to Pay Overtime; (4) Failure to Provide Accurate Itemized Wage Statements; (5) Failure to Pay Wages Owed Every Pay Period; (6) Violation of Labor Code Section 558; (7) Failure to Give Rest Breaks; (8) Failure to Give Meal Breaks; (9) Failure to Maintain Accurate Records; (10) Failure to Reimburse for Business Expenses; (11) Failure to Pay Wages When Employment Ends; (12) Private Attorneys General Act ("PAGA"); and (13) Violation of California Business and Professions Code Section 17200.  [**Exhibit A**.]

4.     Plaintiff served Defendant with the Summons and Complaint on September 1, 2020.  [Hood Decl., ¶ 4. **Exhibit B** attached thereto.]

5.     On September 30, 2020, Defendant Answered the Complaint.  A true and correct copy of the Answer is attached to the Hood Decl. as **Exhibit C**.  [Hood Decl., ¶ 5.]

6.     On October 1, 2020, Defendant removed the case to the United States District Court for the Central District of California ("District Court") on the basis of diversity jurisdiction, which the District Court designated as Case No. CV 20-02043 PA (SHKx).  A

DEFENDANT'S NOTICE OF REMOVAL

true and correct copy of the Notice to Superior Court and Adverse Party of Defendant's Removal of Action to Federal Court is attached to the Hood Decl. as **Exhibit D**. [Hood Decl., ¶ 6.]

7.    On October 6, 2020, the District Court *sua sponte* remanded the case back to the Superior Court on the grounds that Plaintiff's Complaint only established Plaintiff's residency and not his citizenship, and on that basis, there was insufficient information for Defendant to remove the case to federal court on diversity grounds.  A true and correct copy of the District Court's Minute Order explaining the decision to remand [ECF #10], as well as the Order to Remand [ECF #11], are attached to the Hood Decl. as **Exhibit E**. [Hood Decl., ¶ 7.]

8.    On November 17, 2020, the Superior Court assigned the case to the Honorable David Cohn and set a date for a case management conference.  A true and correct copy of the Notice of Case Assignment For All Purposes and Notice of Case Management Conference is attached to the Hood Decl. as **Exhibit F**.  [Hood Decl., ¶ 8.]

9.    As of the date of this Declaration, the attached Exhibits "A," "B," and "C" constitute all of the pleadings received or filed by Defendant in this matter, and apart from Exhibits "A," "B," "C," "D," "E," and "F," no further proceedings have occurred in the state court.  [Hood Decl., ¶ 9.]

10.    Separate from the pleadings received or filed by Defendant or other state court proceedings in this matter, Defendant received a letter filed by Plaintiff before the Labor and Workforce Development Agency ("LWDA"), dated December 30, 2019, alleging that Defendant violated various provisions of the Labor Code ("LWDA Letter").  A true and correct copy of the LWDA Letter is attached to the Hood Decl. as **Exhibit G**.  [Hood Decl., ¶ 10.]

11.    On October 13, 2020, Defendant propounded Special Interrogatories upon Plaintiff requesting information necessary to establish Plaintiff's state of citizenship.  A true and correct copy of Defendant's Special Interrogatories to Plaintiff is attached to the Hood Decl. as **Exhibit H**.  [Hood Decl., ¶ 11.]

DEFENDANT'S NOTICE OF REMOVAL

12.     On December 22, 2020, Plaintiff verified his responses to Defendant's Special Interrogatories to Plaintiff. A true and correct copy of Plaintiff's responses and verification are attached to the Hood Decl. as **Exhibit I**.  [Hood Decl., ¶ 12.]

13.     "A state court complaint alleging that the plaintiff resides in a state, but not that she is a citizen of that state, is not removable on diversity grounds because the grounds for removal do not appear on the face of the pleading." *Yazdchi v. Enersys Del., Inc.*, 2018 U.S. Dist. LEXIS 12514, at *5 (C.D. Cal Jan. 24, 2018) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695-96 (9th Cir. 2005).  "However, even if a state court complaint is not removable on its face, the defendant may still remove the case later in the proceeding if it receives 'a copy of an amended pleading, motion, order or other paper' from which the defendant can ascertain that the case 'is or has become removable.'" *Id.* (citing 28 U.S.C. § 1446(b)(3)).  Responses to interrogatories constitute "other papers" under 28 U.S.C. section 1446(b)(3).  *Id.*; *see also Crisp-Stoot v. Wal-Mart Stores, Inc.*, 2019 U.S. Dist. LEXIS 48271, at *11 (C.D. Cal. March 22, 2019) ("It was not until Plaintiff admitted that she was a citizen of California and intended to remain there in her responses to the second set of interrogatories that Defendant was on notice of removability. . . . Because Defendant removed the case within thirty days of receiving these interrogatory responses, the removal was timely.").   "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  *Harris*, 425 F.3d at 694.

14.     In the Complaint, Plaintiff alleged that he resides in California; however, he did not allege facts in the Complaint sufficient to establish that he is a *citizen* of California. [**Exhibit A;** see also **Exhibit E**.]   This removal is timely because it is filed within thirty (30) days after the receipt by Defendant of Plaintiff's verified responses to Defendant's special interrogatories, which constitutes the first "amended pleading, motion, order or other paper" establishing Plaintiff's California citizenship.  *See Harris*, 425 F.3d at 695-96; *Crisp-Stoot*, 2019 U.S. Dist. LEXIS 48271, at *11; *Yazdchi*, 2018 U.S. Dist. LEXIS 12514, at *5; 28 U.S.C. § 1446(b)(3).  Furthermore, this removal is timely filed under 28

DEFENDANT'S NOTICE OF REMOVAL

U.S.C. section 1332 within one year after commencement of the action.  *See* 28 U.S.C. § 1446(c)(1).

## REMOVAL BASED ON DIVERSITY JURISDICTION

**Diversity of Citizenship**

15.    This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332 and is one which may be removed to this Court by Defendant pursuant to the provisions 28 U.S.C. section 1441(b) in that it is a civil action between citizens of different states.

16.    "[A] removing party must allege diversity both at the time of the filing of the suit in state court and at the time of removal."  *Estate of Fitzpatrick v. Brehm*, 580 F. Supp. 731, 734-35 (W.D. Ark. 1984) (citing *Stevens v. Nichols*, 130 U.S. 230 (1889); *Jackson v. Allen*, 132 U.S. 27 (1889); *Garza v. Midland National Insurance Co.*, 256 F. Supp. 12 (S.D. Fla. 1966); *Carlton Properties, Inc. v. Crescent City Leasing Corp.*, 212 F. Supp. 370 (E.D. Pa. 1962).

17.    Plaintiff is, and was at all times relevant to this action, an individual residing in Los Angeles County, California.  [**Exhibit A**, ¶ 2.]  Plaintiff also filed his Complaint in the State of California for the County of San Bernardino seeking the protections of the laws of this state.  [**Exhibit A**.]  Furthermore, Plaintiff verified discovery responses affirming that he currently lives and works in California, lived and worked in California at the time the Complaint was filed, has lived in California for approximately 30 years, has a California driver's license, intends to remain in California, and has no plans to move to any other state.  [**Exhibit I.**]  Thus, Plaintiff should properly be construed a citizen of the State of California.

18.    Defendant was at the time the Complaint was filed incorporated in the State of Massachusetts, as had been the case since October 29, 1980, with its principal place of business and headquarters located in Ipswich, Massachusetts. [Declaration of Margaret Barrett ("Barrett Decl."), ¶¶ 2-3.]  On December 23, 2020, Defendant was converted from a Massachusetts corporation under the name United Pipe and Steel Corp. to a Delaware

DEFENDANT'S NOTICE OF REMOVAL

corporation under the name of Merfish United, Inc.  [*Id.* at ¶¶ 1-2.]  Defendant remains incorporated in the State of Delaware as of the filing of this Notice of Removal.  [*Id.* at ¶ 2.]  Therefore, Defendant was a citizen only of Massachusetts at the time the Complaint was filed, and is now at the time of filing this Notice of Removal a citizen only of Massachusetts and Delaware.  [*Id.* at ¶¶ 1-3.]

19.    At the time of the filing of the Complaint, Defendant's headquarters and principal place of business was located in Ipswich, Massachusetts.  [*Id.* at ¶ 3.]  As of the date of this Notice of Removal, Defendant's headquarters and principal place of business remains in Ipswich, Massachusetts.  [*Id.*]  From the executive and administrative offices at this location, Defendant's officers direct, control, and coordinate Defendant's nationwide services and overall business operations.  [*Id.*]  Defendant's corporate officers perform their primary fundamental operations out of Massachusetts, not California.  [*Id.*]

20.    Defendant is a citizen of Massachusetts for purposes of diversity jurisdiction under the "nerve center" test.  28 U.S.C. § 1332(c)(1); *Hertz v. Friend*, 559 U.S. 77, 78 (2010) (holding that a corporation's "principal place of business" under section 1332(c)(1) is typically its corporate headquarters so long as the headquarters is the actual center of direction, control, and coordination rather than an office to hold board meetings).

21.    Thus, with Plaintiff as a citizen of California—as first established by Plaintiff's verified responses to Defendant's special interrogatories on December 22, 2020—and Defendant as a citizen of Massachusetts at the time the Complaint was filed and a citizen of Massachusetts and Delaware at the time this Notice of Removal is filed, complete diversity of citizenship between the parties exist within the meaning of 28 U.S.C. section 1332.

**Basis for Amount in Controversy**

22.    The amount in controversy in this action exceeds $75,000.  28 U.S.C. §1332(a).  The failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction.  *See* 28 U.S.C. § 1446(c)(2)(A) (allowing the Notice of Removal to assert the amount in controversy if the

DEFENDANT'S NOTICE OF REMOVAL

initial pleading seeks either:  (1) non-monetary relief or (2) a money judgment and the State practice does not permit a demand for a specific sum and the District Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000.00); *White v. J.C. Penney Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W. Va. 1994) (finding that the defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim.")  A defendant need only establish by a preponderance of the evidence that it is more probable than not that the plaintiff's claimed damages exceed the jurisdictional minimum.  *See* 28 U.S.C. § 1446(c)(2)(B); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1997).

23.    Further, in determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. section 1332(a), a court may consider the aggregate value of claims for compensatory damages and attorney's fees.  *See e.g., Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorney's fees may be taken into account to determine jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fees can be considered in determining whether the jurisdictional amount is met.").

24.    In determining whether the amount in controversy exceeds $75,000, the Court must presume that the plaintiff will prevail on each and every one of his claims.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (finding that the amount in controversy analysis presumes that "plaintiff prevails on liability"), *citing also Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").  The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in

DEFENDANT'S NOTICE OF REMOVAL

controversy is satisfied.  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) (*citing Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)).

25.    The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute.  *Galt v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

26.    Here, Plaintiff seeks: (1) compensatory damages; (2) damages for wages not paid; (3) damage and penalties under Labor Code Section 226; (4) damages and penalties pursuant to Labor Code Section 203; (5) special, consequential, and liquidated damages; (6) civil penalties and/or statutory penalties; (7) PAGA penalties under Labor Code sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 226.8, 510, 512, 558, 1174, 1174.5, 1194, 1197, 1198, 1771, 1774, 2699, and 2802; (8) liquidated damages under Labor Code section 1194.2; (9) restitution and disgorgement for all unfair business practices against Plaintiff; (10) one hour's worth of wages per workday for missed rest breaks; (11) one hour's worth of wages per workday for missed meal breaks; (13) maximum civil penalties available under the Labor Code and applicable Wage Order; (14) "all remedies available to Plaintiff under the applicable Wage Order and the Labor Code including an award of unpaid wages, attorney's fees, costs, interest, liquidated damages, damages, penalties, and waiting time penalties"; (15) all interest as allowed by law; (16) all costs and disbursements incurred in the lawsuit; and (17) reasonable attorney's fees including but not limited to Labor Code section 2698 *et seq.* and Code of Civil Procedure section 1021.5.  [**Exhibit A**, Prayer for Relief, pgs. 24-26, ¶¶ 1-17.]

27.    Although Defendant does not concede—and in fact explicitly denies that— Defendant violated any sections of the Labor Code, Wage Orders, or the Business and Professions Code, that Plaintiff or the allegedly aggrieved employees are entitled to any monetary relief whatsoever stemming from Plaintiff's Complaint, or that Plaintiff may "stack" alleged violations to enhance damages, Defendant herein sets forth the delineation of the amount in controversy, which exceeds the $75,000 jurisdictional minimum for this Court.

DEFENDANT'S NOTICE OF REMOVAL

**First Cause of Action for Failure to Compensate for All Hours Worked**

28.    Plaintiff alleges that "[f]or the three (3) years preceding filing of this action, Defendant[] failed to compensate Plaintiff for all hours worked . . . ."  [**Exhibit A**, ¶ 20.] As a result, Plaintiff alleges he is entitled to "recover compensation for all hours worked but not paid by Defendant[] for the three (3) years preceding the filing of this Complaint." [*Id.* at ¶ 21.]  Plaintiff claims he is owed an amount in compensation under this cause of action that is "in excess of the jurisdiction of this Court."  [*Id.* at ¶ 22.]  Plaintiff filed his Complaint as an unlimited civil case in San Bernardino County Superior Court, for which the jurisdictional minimum is $25,000 in controversy.  [*See* **Exhibit A**.]; *see also* Cal. Code Civ. Proc. §§ 86, 88.  Because Plaintiff claims that his First Cause of Action alone exceeds the jurisdictional minimum for an unlimited civil case in state court, the amount in controversy for Plaintiff's First Cause of Action is at least $25,000.

**Second Cause of Action for Failure to Pay Minimum Wage**

29.    Plaintiff alleges that he "earned but was not paid wages in an amount above the jurisdictional limits of this Court."  [**Exhibit A**, ¶ 33; *see also* ¶ 34 ("Plaintiff's audits and investigation are continuing, however, the amounts claimed are above the jurisdictional minimum requirements of this court.")]  Plaintiff filed his Complaint as an unlimited civil case in San Bernardino County Superior Court, for which the jurisdictional minimum is $25,000 in controversy.  [*See* **Exhibit A**.]; *see also* Cal. Code Civ. Proc. §§ 86, 88.  Because Plaintiff claims that his Second Cause of Action alone exceeds the jurisdictional minimum for an unlimited civil case in state court, the amount in controversy for Plaintiff's Second Cause of Action is at least $25,000.

**Third Cause of Action for Failure to Pay Overtime**

30.    Plaintiff alleges that he worked for Defendant in California but was not paid all overtime and double time due despite often working over eight hours in a day and/or forty hours in a week. [**Exhibit A**, ¶¶ 47-52.]  Plaintiff further alleges that he is entitled to

recover damages from the nonpayment of overtime premiums for all hours worked, which he further alleges is "in an amount in excess of the jurisdiction of this Court." [*Id.* at ¶¶ 55-56.] Plaintiff filed his Complaint as an unlimited civil case in San Bernardino County Superior Court, for which the jurisdictional minimum is $25,000 in controversy. [See **Exhibit A**.]; *see also* Cal. Code Civ. Proc. §§ 86, 88. Because Plaintiff claims that his Third Cause of Action alone exceeds the jurisdictional minimum for an unlimited civil case in state court, the amount in controversy for Plaintiff's Third Cause of Action is at least $25,000.

## Fourth Cause of Action for Failure to Provide Accurate Itemized Wage Statements

31.    When the Complaint alleges a cause of action carrying a penalty set by statute, the court should consider the full amount of the penalty as part of the amount in controversy, without regard to whether the plaintiff may ultimately be awarded a lesser amount. *Korn v. Polo Ralph Lauren Corp*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008).

32.    Here, Plaintiff alleges Defendant violated California Labor Code section 226, which carries a maximum penalty of $4,000. Cal. Lab. Code § 226. Thus, the amount in controversy for Plaintiff's Fourth Cause of Action is $4,000.00.

## Fifth Cause of Action for Failure to Pay Wages Owed Every Pay Period

33.    Plaintiff alleges that "Defendants failed to pay Plaintiff the full amount of all owed wages when due as required by California Labor Code Section 204." [**Exhibit A**, ¶ 67.] The penalties for violating Labor Code section 204 are set forth in Labor Code section 210(a). *Singer v. Becton, Dickinson & Co., Med-Safe Sys.*, 2008 U.S. Dist. LEXIS 56326, 8 (S.D. Cal. July 23, 2008). Labor Code section 210(a) provides: "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to a penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each

DEFENDANT'S NOTICE OF REMOVAL

employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

34.    Plaintiff worked for Defendant from July 11, 2016 through February 26, 2020. [Barrett Decl., ¶ 4.]  Plaintiff was paid weekly between July 11, 2016 and October 10, 2019, and biweekly (once every 14 days) from October 11, 2019 through February 26, 2020.  [*Id.* at ¶ 5.]  Under the one-year statute of limitations applicable to claims for the recovery of penalties (Cal. Civ. Proc. Code § 340), Plaintiff's potential recovery is limited to the twenty-one (21) pay periods that Plaintiff worked during the time frame from July 8, 2019 through February 26, 2020.  [Barrett Decl., ¶ 5.]  Conservatively and for purposes of simplification, using Plaintiff's lowest rate of pay ($13.00 per hour) in lieu of Plaintiff's average pay rate throughout his employment [see *id.*] and assuming, based on Plaintiff's allegations, underpayment of .5 hours' pay per workday allegedly unlawfully withheld throughout this period, the amount in controversy for Plaintiff's Fifth Cause of Action is at least $5,577.13, calculated as follows:

a.    **Initial Violation ($100)**: Number of applicable pay periods (1) x initial violation penalty ($100) = $100

b.    **Subsequent Violations ($200)**: Number of applicable pay periods (20) x subsequent violation penalty ($200) = 4,000

c.    **Payment Withheld**: $13.00 per hour x .5 hours per workday x 909 workdays x .25 recovery multiplier = $1,477.13

**Sixth Cause of Action for Violation of Labor Code Section 558**

35.    Plaintiff alleges that he is entitled to (1) five years' worth of penalties under Labor Code Section 558 based on an alleged practice of underpayment of wages each pay period, in addition to (2) the amount in wages allegedly underpaid.  [**Exhibit A**, ¶¶ 70-73.] Under Labor Code section 558, a plaintiff can attempt to recover, via the PAGA, civil penalties of $50 for the first pay period in which wages are underpaid and $100 for each

DEFENDANT'S NOTICE OF REMOVAL

subsequent pay period in which wages are underpaid.  Cal. Lab. Code § 558.

36.    Plaintiff worked for Defendant from July 11, 2016 through February 26, 2020, and was paid weekly.  [Barrett Decl., ¶ 4.]  Limiting Plaintiff's alleged recovery to the one-year available for the recovery of penalties under the applicable statute of limitations (Cal. Code Civ. Proc. § 340), and using the twenty-one (21) pay periods that Plaintiff worked during the time frame from July 8, 2019 through February 26, 2020, the amount in controversy for Plaintiff's Sixth Cause of Action is at least $2,500, calculated as follows:

a.    **Initial Violation ($50)**: Number of applicable pay periods (1) x initial violation penalty ($50) = $50

b.    **Subsequent Violations ($100)**: Number of applicable pay periods (20) x subsequent violation penalty ($100) = $2,000

**Seventh and Eighth Causes of Action for Failure to Give Rest and Meal Breaks**

37.    Plaintiff alleges that he was deprived of both rest and meal breaks and that, as a result, he is entitled to one hour's worth of pay for each workday in which he was not provided all of his compliant rest periods, as well as one hour's worth of pay for each workday in which he was not provided a compliant meal period.  [**Exhibit A**, ¶¶ 12-13, 77, 82.]

38.    Where a complaint fails to specify an amount of damages but alleges a consistent practice, and/or scheme of Labor Code violations, a defendant may assume a 100% violation rate for purposes of establishing the amount in controversy is met.  *See*, *e.g.*, *Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) ("Plaintiff does not allege that . . . [he or others] experienced violations only on 'multiple' occasions.  Instead, Plaintiff alleges that Defendant 'adopted and maintained uniform policies, practices and procedures' that cause the purported violations . . . .") (citations omitted); *Duberry v. J. Crew Group, Inc.*, 2015 WL 4575018, at *6 (C.D. Cal. July 28, 2015) ("These allegations of a 'uniform policy,' 'systemic scheme,' and violations occurring at 'all material times' are similar to allegations that other courts have found

sufficient to ground an assumed 100% violation rate….") (citations omitted).

39.    Here, Plaintiff alleges that it was "not part of the company culture for employees such as Plaintiff and others to take rest breaks . . . and it was not company policy. . . . [T]he culture did not lend itself to the employees receiving statutory breaks wherein they were relieved of all duties.  Moreover, . . . [Defendant] seemingly deducts alleged 'rest breaks' from employees' timesheets and does not include that time as hours 0 [sic] worked."  [**Exhibit A**, ¶ 12.]  And with respect to meal periods, Plaintiff alleges that "[i]t was the normal practice and custom of [Defendant] not to authorize, permit, and enforce timely statutory meal periods."  [*Id.* at ¶ 13.]  Based on Plaintiff's allegations, a 100% violation rate can be assumed for purposes of the amount in controversy requirement. *See*, *e.g.*, *Mejia*, 2015 WL 2452755, at *4.

40.    Plaintiff was employed by Defendant between July 11, 2016 and February 26, 2020.  [Barrett Decl., ¶ 4.]  Plaintiff alleges his latest rate of pay for regular time work with Defendant was $17.42 per hour.  [**Exhibit A**, ¶ 7.]  Plaintiff's lowest rate of pay throughout his employment was $13.00 per hour.  [Barrett Decl., ¶ 5.]  Conservatively and for purposes of simplification, using $13.00 per hour in lieu of Plaintiff's average pay rate throughout his employment, the amount in controversy for Plaintiff's Seventh Cause of Action (Failure to Give Rest Breaks) is at least $12,285.00 ($13.00 per hour x 1 hour of penalty pay per day x 5 workdays per week x 189 weeks of employment).  Similarly, the amount in controversy for Plaintiff's Eighth Cause of Action (Failure to Give Meal Breaks) is **at least** $12,285.00 ($13.00 per hour x 1 hour of penalty pay per day x 5 workdays per week x 189 weeks of employment).

**Eleventh Cause of Action for Failure to Pay Wages When Employment Ends**

41.    Plaintiff's Eleventh Cause of Action for Failure to Pay Wages When Employment Ends is brought pursuant to Labor Code sections 201, 203.  [**Exhibit A**, ¶¶ 96-103.]  Pursuant to Labor Code section 203 ("Section 203"), Plaintiff may recover so-called "waiting time" penalties for any wages not timely paid to him upon the termination

DEFENDANT'S NOTICE OF REMOVAL

of his employment.  *See generally* Cal. Lab. Code § 203.  Per Section 203, unpaid (and untimely) termination wages continue as a "penalty from the due date thereof at the same rate until paid or until an action therefor is commenced…" up to 30 days.  *Id.* at § 203(a).

42.     Accordingly, assuming for the purposes of the amount of controversy that Plaintiff was not paid or was underpaid for at least some work during his employment with Defendant, he would be entitled to 30 days of his average daily rate of pay given that it has been at least 30 days since his employment with Defendant ended.  [*See* Barrett Decl., ¶ 4.]

43.     Using Plaintiff's latest pay rate of $17.42 during his employment, the amount in controversy for Plaintiff's Eleventh Cause of Action is $4,180.80 ($17.42 per hour x 8 hours per workday x 30 days)).  [*See* **Exhibit A**, ¶ 7.]

**Twelfth Cause of Action for Violation of PAGA**

44.     Plaintiff identifies 21 alleged Labor Code provisions subject to civil penalties under his PAGA Cause of Action.  [**Exhibit A**, ¶ 115.]  Although Defendant maintains that Plaintiff may not "stack" PAGA civil penalties and does not concede this point, for the purposes of removal it is assumed that Plaintiff could potentially recover a civil penalty for each of the 21 allegedly violated Labor Code provisions.  PAGA provides default civil penalties in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.  Cal. Lab. Code § 2699.

45.     Plaintiff filed his LWDA letter on December 30, 2019, meaning that Plaintiff seeks civil penalties for the above-mentioned statutes for the time period of one year prior to the filing of the LWDA letter—December 30, 2018—to the present, which given that Plaintiff's employment terminated on February 26, 2020, we use that date in lieu of the present.  [See **Exhibit G**; see also Barrett Decl., ¶ 4.]  Between December 30, 2018 and February 26, 2020, there are forty-seven (47) pay periods at issue in connection with Plaintiff's PAGA claim.  Accordingly, for Plaintiff alone, the amount in controversy for

DEFENDANT'S NOTICE OF REMOVAL

Plaintiff's Twelfth Cause of Action is at least $195,300, calculated as follows:

   a.   **<u>Initial Violation ($100)</u>**: Labor Code sections allegedly violated (21) x
        number of applicable pay periods (1) x initial violation penalty ($100) =
        $2,100

   b.   **<u>Subsequent Violations ($200)</u>**: Labor Code sections allegedly violated (21)
        x number of applicable pay periods (46) x subsequent violation penalty ($200)
        = $193,200

## Thirteenth Cause of Action for Violation of B&P Code Section 17200

46.     Plaintiff alleges that Defendant "repeatedly" violated the Labor Code "over a
significant period of time in a systematic manner" and that he is therefore entitled to
"damages and/or restitution of all monies and profits to be disgorged from Defendant[] in
an amount according to proof at time of trial, but in excess of the jurisdiction of this Court."
[**Exhibit A**, ¶ 120.]   Plaintiff filed his Complaint as an unlimited civil case in San
Bernardino County Superior Court, for which the jurisdictional minimum is $25,000 in
controversy.  [See **Exhibit A**.]; *see also* Cal. Code Civ. Proc. §§ 86, 88.  Because Plaintiff
claims that his Thirteenth Cause of Action alone exceeds the jurisdictional minimum for
an unlimited civil case in state court, the amount in controversy for Plaintiff's Thirteenth
Cause of Action is at least $25,000.

## Attorneys' Fees

47.     Plaintiff also seeks to recover attorneys' fees in connection with his First
through Fourth, Sixth through Eighth, and Tenth through Twelfth causes of action.
[**Exhibit A**, ¶¶ 23-24, 36, 42-43, 56, 63-64, 73-74, 78-79, 83-85, 95, 101-103, 116; Prayer
for Relief, ¶¶ 14, 17.]  Plaintiff's claims for attorneys' fees will likely exceed $75,000.
Defendant's lead counsel, Michael Hood, has represented employers in employment
litigation for over twenty (20) years in California, and is familiar with fees requested by
Plaintiff's counsel in similar actions filed in California state and federal courts alleging

DEFENDANT'S NOTICE OF REMOVAL

wage and hour violations and related claims. [Hood Decl., ¶ 8.] Based on Plaintiff's allegations, it would not be unreasonable to expect that the attorneys' fees that Plaintiff's counsel will incur on Plaintiff's behalf and will seek to recover will be well in excess of $75,000.00 through trial. [*See id.*]; *see also Celestino v. Renal Advantage, Inc.* (N.D. Cal. 2007) 2007 U.S. Dist. LEXIS 33827, *11 ("the amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal").

**Total Potential Estimate of Plaintiff's Recovery**

48.    Given the above, the amount in controversy for Plaintiff's claims as it pertain to Plaintiff individually is $411,127.93, tabulated as follows:

| | |
|---|---:|
| Failure to Compensate for All Hours Worked: | $25,000.00 |
| Failure to Pay Minimum Wages: | $25,000.00 |
| Failure to Pay Overtime: | $25,000.00 |
| Failure to Provide Accurate Itemized Wage Statements: | $4,000.00 |
| Failure to Pay Wages Owed Every Pay Period: | $5,577.13 |
| Violation of Labor Code Section 558: | $2,500.00 |
| Failure to Give Rest Breaks: | $12,285.00 |
| Failure to Give Meal Breaks: | $12,285.00 |
| Failure to Pay Wages When Employment Ends: | $4,180.80 |
| Private Attorneys' General Act (Plaintiff only): | $195,300.00 |
| Violation of B&P Code Section 17200: | $25,000.00 |
| Attorneys' Fees: | $75,000.00 |
| TOTAL: | $411,127.93 |

49.    Accordingly, given the amounts of the potential damages at issue as outlined above, Plaintiff's allegations satisfy the jurisdictional prerequisite for amount in controversy as it cannot be said to a legal certainty that Plaintiff would not be entitled to recover in excess of $75,000 should he prevail. *Anthony v. Sec. Pacific Fin. Servs., Inc.*,

DEFENDANT'S NOTICE OF REMOVAL

75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386–87 (10th Cir. 1994).

50.     For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and this action may be removed by Defendant to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## VENUE

51.     Venue lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. Sections 1441(a) and 1332(a) because the state action was filed in this District and division, thereby embracing the place where this action is pending.

## NOTICE TO COURT AND PARTIES

52.     Along with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California, County of San Bernardino.

53.     This Notice of Removal is signed by counsel for Defendant pursuant to Rule 11 of the Federal Rules of Civil Procedure.


Dated:          January 20, 2021          JACKSON LEWIS P.C.


                                          */s/ Remick M. Stahl*
                                          Michael A. Hood
                                          Remick M. Stahl
                                          Attorneys for Defendant
                                          UNITED PIPE AND STEEL CORP.

DEFENDANT'S NOTICE OF REMOVAL

# PROOF OF SERVICE

**U.S. DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CASE NAME:**   *RICARDO OSORIO v. UNITED PIPE AND STEEL CORP.*

**CASE NUMBER:  5:21-cv-00095**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  200 Spectrum Center Drive, Suite 500, Irvine, California 92618.

On January 20, 2021, I served the foregoing document(s) described as: **DEFENDANT UNITED PIPE AND STEEL CORP.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441(b)** in this action by placing a true copy thereof in a sealed envelope addressed as follows:

Harout Messrelian
MESSRELIAN LAW INC.
500 N. Central Ave., Suite 840
Glendale, California 91203

Attorney for Plaintiff
RICARDO OSORIO

Tel: (818) 484-6531
Fax: (818) 956-1983
Email : hm@messrelianlaw.com
janis@messrelianlaw.com

**[X]**   **BY E-MAIL OR ELECTRONIC TRANSMISSION -** Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent from e-mail address carolina.rangel@jacksonlewis.com to the persons at the e-mail address listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[X]**   **FEDERAL** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed **January  20, 2021** at Irvine, California.

*/s/ Carolina Rangel*
Carolina Rangel

4849-3234-3255, v. 2